UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM G. SCHISLER, SR.,

                                    Plaintiff,

        -v-                                                  6:17-CV-310 (MAD/ATB)

RONALD RIZIO and
SHERRIE RIZIO,

                                    Defendants.

WILLIAM G. SCHISLER, SR, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with a motion to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, William G. Schisler, Sr. (Dkt. Nos. 1, 2).

I. **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether

the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

This complaint is written on a form that is used for cases filed pursuant to 42 U.S.C. § 1983 actions. Plaintiff alleges that the Risios threatened to fight plaintiff "tooth and nail" over obtaining a permit for a driveway at the plaintiff's former home,

which was next-door to the Rizios' home. (Complaint ("Compl.") (Dkt. No. 1). Plaintiff also alleges that the Rizios harassed plaintiff and his family in other ways. Plaintiff claims that Mr. Rizio waved "a club" in plaintiff's face in front of his son. (Compl. ¶ 4 at CM/ECF p.3). Plaintiff's causes of action include Intentional Infliction of Emotional Distress, Mental Anguish of Hearing Impaired Handicapped Individuals, and Pain and Suffering. (Compl. ¶ 5 (Causes of Action)).

Plaintiff's complaint in this case is almost identical to three other actions that plaintiff has attempted to file against his former next-door neighbors for the same conduct. Each of these cases was dismissed **with prejudice** as against the Rizios. *See Schisler v. Rizio*, No. 6:14-CV-793 (GTS/TWD), dismissed Oct. 16, 2014; *Schisler v. Rizio*, No. 15-CV-1122 (TJM/ATB), dismissed May 23, 2016; *Schisler v. Fusco*, No. 6:14-CV-734 (TJM/ATB). Mr. Schisler has been told that he cannot sue private individuals in a section 1983 action, nor can he sue the Rizios in an action for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

In *Schisler v. Rizio*, No. 6:14-CV-793 (GTS/TWD), plaintiff made identical claims against the Rizios under the ADA. He complained that Mr. Rizio waved a golf club in the plaintiff's face and told plaintiff that he would never get his driveway.[1] (*See*

---

[1] The court also notes that, even assuming plaintiff could state a claim, which he cannot, this incident apparently happened in 2013, and at this point plaintiff's claims against Mr. Rizio would also be barred by the statute of limitations. The applicable statute of limitation for section 1983 is three years, and the applicable statute of limitations for intentional infliction of emotional distress is one year. *See Owens v. Okure*, 488 U.S. 235, 250-51 (1989) (applying New York's three-year personal injury statute of limitations to section 1983 actions); *Mariani v. Consolidated Edison Co. of NY*, 982 F. Supp. 267, 273 (S.D.N.Y. Oct. 28, 1997) (citing NY Civ. Prac. L. & R. § 215(3) - one year for intentional infliction of emotional distress).

3

Dkt. No. 5 in 14-CV-793 at 2). Plaintiff also claimed in 14-CV-793, as he does in this action, that the Rizios used their influence with city officials, including former Mayor Joseph Fusco, to "remove" people that the Rizios did not like from the neighborhood. (*Id. See also* "Compl." herein) (Dkt. No. 1) at ¶ 4). Specifically, in this action plaintiff claims that the Rizios "feel they can just use City Hall and the then Mayor . . . to remove anyone or have anyone they didn't like removed from the street." (Compl. ¶ 4, CM/ECF p.4).

Magistrate Judge Dancks recommended dismissing plaintiff's complaint **with prejudice**. (Dkt. No. 5 in 14-CV-793). Chief Judge Suddaby adopted Magistrate Judge Danck's recommendation, dismissing the complaint **with prejudice.** (Dkt. No. 8 in 14-CV-793). The term "with prejudice" means that the plaintiff cannot bring the identical claim against the identical defendants again.[2]

On June 15, 2015, plaintiff filed another action against the Rizios, former Mayor Fusco, and other defendants under the ADA. *Schisler v. Fusco*, No. 6:14-CV-734 (TJM/ATB). On June 23, 2015, I recommended dismissing the complaint **with prejudice** as against the Rizios, but recommended dismissing the rest of the complaint without prejudice to plaintiff filing an amended complaint as against the public officials. (Dkt. No. 6 in 15-CV-734 at 7-9). On July 15, 2015, Senior Judge Thomas J. McAvoy adopted my recommendation, dismissing the action **with prejudice** as against

---

[2] Plaintiff filed a notice of appeal in 14-CV-793 which referred to an Order/Judgment on a date where there was no order or judgment. (Dkt. No. 13 in 14-CV-793). The order dismissing plaintiff's 2014 action was issued on October 16, 2014. It is unclear what plaintiff was attempting to appeal in 2017. In any event, Chief Judge Suddaby's order dismissing this action is still in force. In addition, as discussed below, the Second Circuit has dismissed the plaintiff's appeal of another case against the Rizios as frivolous.

the Rizios. (Dkt. No. 8 in 15-CV-734).

Undaunted, on September 16, 2015, plaintiff filed *Schisler v. Rizio*, No. 6:15-CV-1122 (TJM/ATB). In 15-CV-1122, plaintiff sued former Mayor Fusco on a form for complaints brought pursuant to section 1983. (Complaint ("Compl.") in 15-CV-1122 at 5-7). On September 28, 2015, I issued an Order and Report-Recommendation, in 15-CV-734 and in 15-CV-1122. (Dkt. No. 6 in 15-CV-1122). I carefully outlined the facts and procedural history of both cases, and noted that the actions were related and involved common questions of law or fact. (*Id.* at 2, 4-7). I cited the prior dismissal of the Rizios by Magistrate Judge Dancks and Chief Judge Suddaby, together with the dismissal of the Rizios from 15-CV-734. (*Id.* at 9-10).

I then stated that plaintiff could not bring an action under section 1983 against private individuals such as the Rizios, and there was no allegation that the Rizios "conspired" with any state actor to deny plaintiff his driveway permit based upon his disability. Thus, I recommended dismissing the complaint in its entirety against the Rizios **with prejudice.** (*Id.* at 10). In my recommendation, plaintiff was informed that if he wished to sue the former Mayor, he would have to amend his complaint in 15-CV-734. I also specifically stated that any amended complaint should **not** name the Rizios as defendants. (Dkt. No. 6 in 15-CV-1122 at 14). My recommendation was adopted on February 11, 2016. (Dkt. No. 9 in 15-CV-734). Plaintiff failed to file an amended complaint against former Mayor Fusco. On April 19, 2016, I recommended the dismissal of 15-CV-1122 and 15-CV-734 as against the former Mayor, while allowing 15-CV-734 to go forward against other state defendants. (Dkt. No. 10 in 15-CV-1122

5

and Dkt. No. 15 in 15-CV-734). This recommendation was adopted on May 23, 2016. (Dkt. No. 20 in 15-CV-734 and Dkt. No. 11 in 15-CV-1122). Plaintiff's appeal to the Second Circuit was dismissed on November 14, 2016 because it "lacked an arguable basis either in law or in fact."[3] (Dkt. No. 21 in 15-CV-1122). Thus, the dismissal against the Rizios has been affirmed by the Second Circuit.

Plaintiff's latest effort to sue the Rizios borders on abusive litigation. Plaintiff makes the same claim against Mr. and Ms. Rizio that he has been making since 2014. Plaintiff and his wife have not been the Rizios' neighbors since 2014.[4] Plaintiff and his wife moved away, allegedly after the City of Rome refused to give them a permit for their driveway. In order to state a claim under section 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does not reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)). The Rizios are clearly private

---

[3] Plaintiff filed a second notice of appeal in February of 2017. (Dkt. No. 22 in 15-CV-1122). This may be the appeal to which plaintiff referred in 14-CV-793. Plaintiff may be confused as to what case he is appealing. In any event, it is doubtful that the Second Circuit will accept plaintiff's latest attempt at appealing the decision.

[4] This court is aware of the 2014 date because plaintiff Schisler has filed another case in the last week which continues to complain about conduct relating to his former home at 105 Fourth Street in Rome, New York. *See Schisler v. Rome*, 6:17-CV-312 (GTS/ATB). On March 22, 2017, I recommended dismissal of this action for failure to state a claim. (Dkt. No. 4 in 17-CV-312).

6

individuals and not subject to suit under section 1983.

An exception to the above rule occurs if the private individual conspires with a state actor to commit an unconstitutional act, or when he is a willful participant in joint activity with the State or its agents. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Conclusory allegations of conspiracy, however, are insufficient to state a claim. *Id.* (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).

In this case, plaintiff vaguely states that when new neighbors moved in, Ms. Rizio did not like them and called the police "just to get [the neighbors] thrown off the block," and that she did this to two other sets of neighbors, but not plaintiff and his family. (Compl. at ¶ 4, CM/ECF p.3). Such conclusory, vague, and general allegations of conspiracy do not state a claim. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). Even assuming that plaintiff could survive a statute of limitations bar, he has not stated a claim against the Rizios, and this action must be dismissed.

### III. Abusive Litigation

#### A. Legal Standards

The All-Writs Act gives a federal court power, under certain circumstances, to enjoin parties from filing further lawsuits. *Anghel v. New York State Dep't of Educ.*, No. 15-CV-5914, 2016 WL 183540, at *3 (E.D.N.Y. Jan. 14, 2016) (citing *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *Kenny v. King*, No. 15-CV-5642, 2015 WL 9050894, at *4 (E.D.N.Y. Dec. 15, 2015); *Matter of Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (holding that the All Writs Act "grant[s] the district

court power [s]ua sponte to enjoin further filings in support of frivolous and vexatious claims.")

When litigants become vexatious or abusive, the court may issue a filing injunction because abusive litigation uses up a court's limited resources. *See Sassower v. Sansverie*, 885 F. 2d 9, 10 (2d Cir. 1989) (citations omitted). An injunction is reserved for "'extraordinary circumstances, such as a demonstrated history of frivolous and vexations litigation . . . or a failure to comply with sanctions imposed for such conduct.'" *In re Neroni*, 639 F. App'x 9, 10 (2d Cir. 2015). In considering whether to issue a filing injunction, the court should consider the following:

> 1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F. 3d 525, 528 (2d Cir. 2005) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The filing of repetitive and frivolous lawsuits is the type of abuse that justifies an filing injunction. *Anghel, supra* (citing *Van Pier v. Long Island Sav. Bank FSB*, 159 F.3d 1349, 1998 WL 537798, at *3 (2d Cir. July 21, 1998)).

**B. Application**

This court notes that if it were considering the above factors, plaintiff would be dangerously close to meeting the standard for a filing injunction. His litigation history

8

against the Rizios involves duplicative lawsuits that have been found to be meritless by both the district and the circuit court; his motive for pursuing the lawsuits against the Rizios is unclear because he moved away from the Rizios in 2014; plaintiff is not represented by counsel; and the only reason he has not caused undue expense to other litigants is because this court has stopped his meritless claims from proceeding.

However, plaintiff has posed an unnecessary burden on the court because this case marks the third time that the court must explain to Mr. Schisler that his allegations against the Rizios do not state a federal claim. There is no jurisdiction under the statutes he cites as the bases for his actions.[5] This court is therefore warning Mr. Schisler that his continued efforts to file duplicative actions will not be tolerated, and if he continues to do so, the court will propose that the Chief Judge issue an order to show cause why plaintiff should not be enjoined from further new case filings. Plaintiff has at least one case that the court has allowed to proceed. Plaintiff may be upset because litigation takes longer than he expects. However, his purported frustration with the court system is not a basis for filing frivolous or duplicative actions. This conduct is not going to make his pending action go faster.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for IFP (Dkt. No. 2) be **GRANTED FOR**

---

[5] To the extent that plaintiff alleges a New York State law claim of intentional infliction of emotional distress, because there is and was no federal claim, there was no original jurisdiction. Therefore, there is also no supplemental jurisdiction to consider only state law causes of action. *See* 28 U.S.C. § 1367(a) (in order to exercise supplemental jurisdiction, the court must have had original jurisdiction over the case). Plaintiff's use of a section 1983 complaint form, while asserting only state law claims against private individuals does not qualify as asserting a claim over which the court had "original" jurisdiction.

**PURPOSES OF FILING ONLY**. and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**ORDERED**, that the Clerk serve a copy of this Order on the pro se plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 24, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge