**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM G. SCHISLER, SR.,**

                       **Plaintiff,**

vs.                                         **6:17-cv-00310**
                                                      **(MAD/ATB)**

**RONALD RIZIO and SHERRIE RIZIO,**

                       **Defendants.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**WILLIAM G. SCHISLER, SR.**
908 Stark Street
Utica, New York 13502
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On March 17, 2017, *pro se* Plaintiff William G. Schisler, Sr. filed the present civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") stating three causes of action against his former neighbors, Defendants Ronald and Sherrie Rizio. *See* Dkt. No. 1. Plaintiff seeks monetary relief in the amount of $500,000. *See id.* at 6. Additionally, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

On March 24, 2017, Magistrate Judge Baxter issued an Order and Report-Recommendation granting Plaintiff's application to proceed IFP for purposes of filing only. *See* Dkt. No. 5 at 9-10. Magistrate Judge Baxter recommended the Court dismiss Plaintiff's complaint in its entirety with prejudice due to Plaintiff's failure to state a claim. *See id.* at 10. Currently before the Court is Magistrate Judge Baxter's Order and Report-Recommendation.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "'the court has the duty to show liberality towards *pro se* litigants,' however, 'there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*.'" *Griffin v. Doe*, 71 F. Supp. 3d 306, 311 (N.D.N.Y. 2014) (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994)) (internal citations omitted); *see also Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by the applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citations omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in

the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

Neither party objected to Magistrate Judge Baxter's Order and Report-Recommendation. As a general matter, when a party files specific objections to a magistrate judge's report and recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "'[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge,'" the court reviews those recommendations "'for clear error.'" *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d

15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Plaintiff's Section 1983 complaint alleges three causes of action against Defendants: (1) "intentional infliction of emotional distress and mental anguish of a hearing impaired handicapped individual[];" (2) "mental anguish;" and (3) "pain suffering." *See* Dkt. No. 1 at 5. In support of his claims, Plaintiff alleges that Defendants "deliberately and maliciously park[ed] in front of" Plaintiff's former home to prevent handicapped individuals from visiting Plaintiff's residence. *Id.* at 4. Further, Plaintiff alleges that "[o]ur visitors and guest[s] would have to park [half] way down the street which . . . is totally not fair and illegal!" *Id.* In addition, Plaintiff alleges that Defendants harassed Plaintiff and his family by "go[ing] out of their way to be rude . . . and inconsiderate." *Id.* at 2. Specifically, Plaintiff alleges that Defendants "wave[d] a golf club" in Plaintiff's face, *id.* at 3, and that Defendants "threatened to fight [P]laintiff 'tooth and nail' over obtaining a permit for a driveway at . . . [P]laintiff's former home, which was next-door to . . . [Defendant's] home." Dkt. No. 5 at 2-3 (quoting Dkt. No. 1 at 2). Upon reviewing Plaintiff's allegations, Magistrate Judge Baxter recommended that the Court dismiss Plaintiff's complaint in its entirety because Plaintiff failed to allege facts plausibly suggesting that Defendants acted "under color of state law" in performing the alleged conduct. *See* Dkt. No. 5 at 6.

"To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (citations and quotations omitted). "State action is an

4

essential element of any § 1983 claim." *Baum v. N. Dutchess Hosp.*, 764 F. Supp. 2d 410, 419 (N.D.N.Y. 2011) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 934 (1982)) (other citations omitted). Since "merely private conduct, no matter how discriminatory or wrongful," does not constitute state action under Section 1983, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's Section 1983 complaint against Defendants should be dismissed for failing to state a claim. *Am. Mfrs. Mt. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Therefore, the Court dismisses Plaintiff's complaint in its entirety.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires"); *Mathon v. Marine Midland Bank*, *N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where the court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit explained, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

Although a court should generally permit a *pro se* litigant leave to amend at least once, the Court finds that amendment is inappropriate in this case. The Court agrees with Magistrate Judge

Baxter that Plaintiff cannot plead the requisite state action needed to support a Section 1983 claim against the named Defendants.  *See* Dkt. No. 5 at 6-7 ("The Rizios are clearly private individuals and not subject to suit under section 1983").  Therefore, Plaintiff's complaint is dismissed in its entirety with prejudice.

After carefully reviewing Plaintiff's submissions, Magistrate Judge Baxter's March 24, 2017 Order and Report-Recommendation and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 26, 2017
       Albany, New York

*Mae A. D'Agostino*
U.S. District Judge